UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ENRICO TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV849 HEA |
| | ) |
| ROCKYOU, INC., | ) |
| | ) |
| Defendant, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of pro se plaintiff Enrico Taylor's amended complaint. (Docket No. 6). For the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

**Background**

Plaintiff filed his original complaint on June 4, 2018, naming Rock You, Inc. as defendant. He asserted diversity of citizenship as the basis of jurisdiction, and stated that he was a Missouri citizen, while Rock You, Inc. was a Delaware corporation with its principal place of business in California. (Docket No. 1 at 3-4). Plaintiff accused defendant Rock You, Inc. of conspiring against him to commit "grand larceny." (Docket No. 1 at 5).

On November 6, 2018, the Court ordered plaintiff to file an amended complaint. (Docket No. 5). The Court noted that plaintiff's complaint contained a number of defects, including a reliance on conclusory language and a failure to establish the nature of the alleged conspiracy against him. (Docket No. 5 at 2-3). The Court also noted that while plaintiff asserted a jurisdictional amount of $75,001, he acknowledged that his actual losses were likely below $10,000. (Docket No. 1 at 4). Plaintiff was given directions on filing his amended complaint and

given thirty days in which to respond. He duly filed an amended complaint on December 6, 2018.

**The Amended Complaint**

In his amended complaint, plaintiff now names three defendants: Rock You, Inc.; Little Things, Inc.; and Joseph Speiser. Plaintiff states that he is a Missouri citizen, while Joseph Speiser is a New York citizen, Rock You, Inc. is a California corporation, and Little Things, Inc. is a Delaware corporation. (Docket No. 6 at 2-3). While the parties are diverse, plaintiff does not assert diversity of citizenship as a basis for jurisdiction, and he does not provide the jurisdictional amount. Instead, plaintiff asserts that this Court's jurisdiction is based on a federal question, and lists the following statutes as being at issue in this case: 29 U.S.C. § 1109, liability for breach of fiduciary duty; 18 U.S.C. § 1343, wire fraud; the Uniform Voidable Transactions Act; and 18 U.S.C. § 1964, the civil remedies section of the Racketeer Influenced and Corrupt Organizations Act (RICO). (Docket No. 6 at 4).

Plaintiff states that he had a revenue sharing partnership with defendant Little Things, Inc. from 2015 to 2018. (Docket No. 6 at 6). Defendant Speiser is purportedly the CEO of Little Things, Inc. Under their arrangement, Little Things, Inc. agreed to pay plaintiff "on a Net 30 basis" for web traffic that plaintiff generated. On February 28, 2018, on the day that plaintiff was to be paid for January's traffic, defendant Little Things, Inc. announced its closing. When plaintiff asked to be paid for his work in January and February, he was advised that the "bank [had taken] over the situation." Plaintiff alleges that defendant Little Things, Inc. "sold all of their assets in secret to Rock You, Inc. via an asset purchase agreement." He further states that Little Things, Inc. hid from him without paying, thereby breaching its "fiduciary duty" to plaintiff.

Plaintiff also states that there were "secret plans" between defendants Little Things, Inc., CEO Speiser, and Rock You, Inc. to buy all Little Things, Inc.'s assets. He asserts that Speiser and Little Things, Inc. made Rock You, Inc. aware of the debt owed to plaintiff, and that Rock You, Inc. "decided to do an asset purchase to try and avoid future liability," knowing that it would hurt plaintiff. He claims that this amounts to a conspiracy against him. Furthermore, he states that Little Things, Inc. and Speiser were unjustly enriched at his expense. (Docket No. 6 at 7).

Finally, plaintiff alleges that Little Things, Inc., "under Joseph Speiser's command," made a false statement in an email claiming that Little Things, Inc. had ceased doing business on February 28. However, plaintiff asserts that in a separate federal case, a Little Things, Inc. attorney "claimed it really ceased business on February 27." Separate emails from Little Things, Inc. stated "that the debt was being controlled by the bank" and that "they were working to ensure the best outcome for its creditors." Plaintiff alleges this was false and that Little Things, Inc. was "buying time to sell [its] assets" to Rock You, Inc. while knowing that plaintiff was owed money. Plaintiff claims this amounts to fraud.

Plaintiff is seeking damages in the amount of $10,001, though he requests the Court's "full discretion over the amount to be rewarded." (Docket No. 6 at 6). Elsewhere in the amended complaint, however, he notes that his actual damages are between $5,000 and $10,000. (Docket No. 6 at 8). He believes he should be given punitive damages because defendants "have been trying to game the bankruptcy process."

## Discussion

Plaintiff's amended complaint accuses defendants of breach of fiduciary duty, conspiracy, unjust enrichment, and fraud. From the face of the amended complaint, however, it

3

does not appear that this Court has subject matter jurisdiction. For the reasons discussed below, plaintiff will be directed to show cause why this case should not be dismissed for lack of a jurisdictional basis.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff has

specifically asserted the existence of federal question jurisdiction. As explained below, though, he has not demonstrated that either federal question or diversity of citizenship jurisdiction exists.

**B. Diversity Jurisdiction**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff has demonstrated the diversity of the parties, by stating that he is a Missouri citizen while Little Things, Inc. is a Delaware corporation, Rock You, Inc., a California corporation, and Joseph Speiser a citizen of New York. However, he has not alleged the appropriate jurisdictional amount. Indeed, plaintiff has consistently noted in both his complaint

5

and amended complaint that his actual damages tally between $5,000 and $10,000. This is below the jurisdictional threshold. As such, he has not properly alleged diversity of citizenship jurisdiction.

C. **Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Plaintiff states that 29 U.S.C. § 1109, 18 U.S.C. § 1343, the Uniform Voidable Transactions Act, and 18 U.S.C. § 1964 are all at issue in this case. Upon review, the Court has found that none are applicable.

First, plaintiff cannot rely on 29 U.S.C. § 1109, because it governs liability for breach of a fiduciary duty under the Employee Retirement Income Security Program (ERISA). There is no indication in the amended complaint that the case involves an employee benefit plan or that any

of the defendants owe fiduciary responsibilities under such a plan. *See* 29 U.S.C. § 1101 (providing the scope of coverage); and 29 U.S.C. § 1104 (providing duties of a fiduciary with respect to an employee benefit plan). To the contrary, plaintiff's statement of claim describes a business agreement that was allegedly breached.

Second, plaintiff cannot rely on 18 U.S.C. § 1343 for federal question jurisdiction, since it is a criminal statute that does not provide for a private right of action. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (holding "that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes").

Next, plaintiff's reliance on the Uniform Voidable Transactions Act (UVTA) is misplaced, because the UVTA is not a federal law. Rather, it was promulgated by the National Conference of Commissioners on Uniform State Laws in 2014, to replace the Uniform Fraudulent Transfer Act. Kenneth C. Kettering, *The Uniform Voidable Transactions Act*, 70 Bus. Law. 777, 779 (2015). Once promulgated, it served as a model law that could be enacted by individual states, should that individual state so decide. *Id.* (noting that the forerunner to the UVTA had been enacted in forty-five jurisdictions at the time it was amended by the UVTA). As such, the UVTA does not provide a basis for federal question jurisdiction.

Finally, plaintiff has not shown that RICO is applicable to this action. In order to state a claim under RICO, a party must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Moreover, "[t]o recover in a civil suit for a violation of RICO, a plaintiff must prove: (1) that the defendant violated 18 U.S.C. § 1962; (2) that the plaintiff suffered injury to business or property; and (3) that the plaintiff's injury was proximately caused by the defendant's RICO violation." *Fogie v.*

*THORN Americas, Inc*., 190 F.3d 889, 894 (8th Cir. 1999). Plaintiff's facts do not state a RICO claim against defendants.

### D. Order to Show Cause

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within thirty (30) days of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is required to show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Dated this 12th day of July 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE